[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 23, 2010
JOHN LEY
CLERK

_____

No. 09-11317

_____

D. C. Docket No. 08-20598-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NIOVEL CHIRINO-ALVAREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 23, 2010)

Before BARKETT and MARCUS, Circuit Judges, and HOOD,[*] District Judge.

PER CURIAM:

_____

[*] Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Niovel Chirino-Alvarez appeals his convictions and sentence for unlawfully smuggling three aliens into the United States. He argues that the government presented insufficient evidence to convict him of (1) conspiring to encourage and induce aliens to enter the United States, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iv), (v)(I) (Count 1); (2) three counts of aiding or abetting in encouraging or inducing three aliens to enter the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), 18 U.S.C. § 2 (Counts 4, 7, 9); (3) three counts of aiding or abetting in bringing three aliens into the United States for the purpose of commercial advantage and private financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), 18 U.S.C. § 2 (Counts 12, 15, 17), and (4) three counts of aiding and abetting in bringing three aliens into the United States without presenting them to an appropriate immigration officer upon arrival, in violation of 8 U.S.C. § 1324(a)(2)(B)(iii), 18 U.S.C. § 2 (Counts 20, 23, 25).

Chirino-Alvarez was sentenced to the statutory mandatory minimum sentence of five years imprisonment for these offenses, and he argues on appeal that the district court erred by adding a three-level leadership role enhancement to his sentence.

## DISCUSSION

"We review the sufficiency of the evidence de novo, viewing the evidence in

the light most favorable to the verdict," United States v. Thompson, 473 F.3d 1137, 1142 (11th Cir. 2006), and we make all inferences and credibility determinations in favor of the verdict, United States v. Calderon, 127 F.3d 1314, 1324 (11th Cir. 1997).

Chirino-Alvarez essentially argues that his convictions must be overturned because he had no involvement in the actual scheme to bring these aliens into the United States from Cuba, i.e., that any claimed participation occurred only after the aliens had arrived in the United States. If that were in fact the case, we would agree with him. See United States v. Lopez, 484 F.3d 1186, 1188 (9th Cir. 2007) (en banc) (overturning conviction for bringing aliens to the United States where defendant had picked up unauthorized aliens from location within the United States where they had previously been dropped off, and drove aliens solely within United States). However, from the totality of the evidence, including his conversations with and admissions to an undercover customs agent, a jury could reasonably infer that Chirino-Alvarez was involved with the scheme throughout. On this record, there was sufficient evidence to support Chirino-Alvarez's convictions.

Chirino-Alvarez also challenges his three-level sentencing enhancement for his role as a manager or supervisor, which resulted in a Guidelines sentence of 33-41 months. U.S.S.G. § 3B1.1(b). However, when, as here, the district court

3

correctly imposes a statutory mandatory minimum sentence that is greater than a defendant's Guidelines range, United States v. Raad, 406 F.3d 1322, 1323 n.2 (11th Cir. 2005) (60 month mandatory minimum for third violation of 8 U.S.C. § 1324(a)(2)(B)(iii)[1]), "any error in the guidelines calculations is harmless, and we need not address these arguments." Raad, 406 F.3d at 1323 n.1.

**AFFIRMED.**

---

[1] The cited footnote actually cites to 8 U.S.C. § 1324(B)(2)(B)(iii). It is clear from the context of the case (and, notably, the nonexistence of the cited section) that this is just a typo, and the opinion's holding actually applies to 8 U.S.C. § 1324(a)(2)(B)(iii).