[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16240
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20468-JAL-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER HENDERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 20, 2013)

Before WILSON, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Christopher Henderson appeals his mandatory minimum 120-month sentence, imposed after pleading guilty to conspiracy to possess with intent to distribute 5 or more kilograms of cocaine, in violation of 21 U.S.C. § 846. Henderson asserts the district court (1) clearly erred in applying a two-level enhancement based on his possession of a firearm, pursuant to U.S.S.G. § 2D1.1(b)(1); (2) erroneously determined he was ineligible for safety-valve relief, pursuant to § 5C1.2, because he possessed a firearm in connection with the offense; and (3) clearly erred in denying a reduction based on his minor role in the offense under § 3B1.2(b).  After review,[1] we affirm Henderson's sentence.

*Firearm Enhancement*

Section 2D1.1(b)(1) of the Sentencing Guidelines provides for a two-level increase, "[i]f a dangerous weapon (including a firearm) was possessed."  U.S.S.G. § 2D1.1(b)(1).  "The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at the defendant's residence, had an unloaded hunting rifle in the closet."  U.S.S.G. § 2D1.1, comment. (n.3(A)) (Nov. 2011).  The government has the initial burden of showing that "the firearm was present at the site of the charged conduct or . . .

---

[1]  "We review for clear error the district court's factual findings related to the imposition of sentencing enhancements."  *United States v. Robertson*, 493 F.3d 1322, 1330 (11th Cir. 2007) (quotations omitted).   The district court's application of the Sentencing Guidelines to those facts is reviewed *de novo*.  *United States v. Pham*, 463 F.3d 1239, 1245 (11th Cir. 2006).

2

that the defendant possessed a firearm during conduct associated with the offense of conviction." *United States v. Stallings*, 463 F.3d 1218, 1220 (11th Cir. 2006). However, the government need not prove the firearm was used to facilitate the offense. *United States v. Audain*, 254 F.3d 1286, 1289 (11th Cir. 2001). "If the government is successful in meeting this initial burden, then the evidentiary burden shifts to the defendant, who must demonstrate that a connection between the weapon and the offense was 'clearly improbable.'" *Stallings*, 463 F.3d at 1220; U.S.S.G. § 2D1.1, comment. (n.3(A)) (Nov. 2011).

The facts in Henderson's PSI[2] show Henderson and his codefendants traveled to Miami in two cars. Codefendants Steven Lamar Cook and Michael Chavous negotiated a deal to purchase five kilograms of cocaine in exchange for $65,000 cash. After Cook and Chavous were arrested, Henderson drove to meet someone at a gas station and then proceeded to the warehouse where the drug deal was taking place. At the warehouse, Henderson spoke with Cook about the drug transaction, and Henderson was arrested. Thereafter, a search of Henderson's car revealed a loaded pistol. This evidence shows the firearm was present at the site of the charged conduct. Moreover, it is probable the cocaine would have been

---

[2] Henderson objected to the two-level increase for possession of a firearm, but did not object to any of the factual statements in the PSI. Because Henderson did not object to any factual statements in the PSI, he admitted those facts for consideration during sentencing. *See United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006) (explaining a defendant admits facts for consideration during sentencing if he fails to object to those factual allegations contained in the PSI).

transported in the car, which contained a firearm, after the purchase of cocaine was completed because, as Henderson admitted in his acceptance-of-responsibility statement in the PSI, his job was to assist in the transportation of the drugs back home.  Because this evidence met the Government's initial burden of showing Henderson possessed a firearm during conduct associated with the offense, Henderson then had the burden of demonstrating it was "clearly improbable" the firearm was connected to the offense.  *See Stallings*, 463 F.3d at 1220.

Henderson offered no evidence, other than a proffer in which he argued the gun was always in the vehicle and he always traveled with a gun for his personal protection, to show a connection between the firearm and the offense was "clearly improbable."  This, alone, was insufficient to show a clear improbability.  *See United States v. Trujillo*, 146 F.3d 838, 847 (11th Cir. 1998) (holding a defendant failed to show a connection between a firearm and an offense involving 300 kilograms of cocaine hidden inside and outside of a warehouse was "clearly improbable" where the firearm was in a closed office in the warehouse, the defendant was outside of the warehouse, and the defendant only had the firearm because of his job as a security guard).  Thus, the district court did not clearly err in applying a two-level enhancement based on Henderson's possession of a firearm, pursuant to U.S.S.G. § 2D1.1(b)(1).

*Safety-Valve Relief*

The defendant has the burden of proving that he meets the safety-valve eligibility requirements under § 5C1.2. *United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997). The district court must impose a sentence within the guideline range, without regard to any statutory minimum sentence, if the court finds that the defendant meets a list of criteria, including that the defendant did not "possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." U.S.S.G. § 5C1.2(a)(2); 18 U.S.C. § 3553(f).

In *United States v. Carillo-Ayala*, we held a defendant is not precluded from arguing he did not possess a firearm "in connection with" his offense under § 5C1.2, even though he received a firearm enhancement pursuant to § 2D1.1(b)(1). 713 F.3d 82, 90-91 (11th Cir. 2013). We reasoned § 5C1.2's "in connection with" requirement is a different standard that could be satisfied by showing that the firearm (1) was in close proximity to drugs, or (2) facilitated, or had the potential to facilitate, the offense. *Id.* at 91-93.

Although Henderson is not precluded from arguing he did not possess a firearm in connection with the offense based on the § 2D1.1(b)(1) enhancement for possession of a firearm, the evidence demonstrates the firearm had the potential to facilitate the offense. *See Carillo-Ayala*, 713 F.3d at 93. The firearm was located in the van Henderson drove to the drug deal. Even if Henderson originally drove

5

to Miami with the gun and without knowledge that he was going to transport drugs, he became aware of the drug transaction at the time he drove to the ongoing drug deal. Moreover, had the cocaine purchase been successful, Henderson likely would have driven the purchased cocaine in the van containing the firearm. As such, the gun had the potential to facilitate the offense. Accordingly, Henderson was ineligible for any benefit under the safety-valve provision.

*Minor-Role Reduction*

If the district court properly imposes a statutory mandatory minimum sentence that is greater than a defendant's Guidelines range, any error in the Guidelines calculations is harmless. *United States v. Chirino-Alvarez*, 615 F.3d 1344, 1346 (11th Cir. 2010). Henderson's Guidelines range was 108 to 135 months' imprisonment, but he was subject to a 10-year (120-month) statutory mandatory minimum. *See* 21 U.S.C. § 841(b)(1)(A)(ii). Accordingly, Henderson's Guidelines range became 120 to 135 months' imprisonment, and the district court sentenced Henderson to the mandatory minimum of 120 months' imprisonment. U.S.S.G. § 5G1.1(c)(2). Therefore, because Henderson was sentenced to the mandatory minimum, any error in the Guidelines calculations was harmless, and we need not address Henderson's argument regarding the minor-role reduction.

**AFFIRMED.**

6