[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11612
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cr-00114-MSS-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT LEE LANE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 22, 2014)

Before TJOFLAT, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Robert Lee Lane appeals his conviction and sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). We affirm.

## I. BACKGROUND

On January 3, 2012, three detectives from the Manatee County Sheriff's Office in an unmarked vehicle were patrolling a high-crime area in Palmetto, Florida. When they approached the intersection of 23rd Street East and 2nd Avenue East, they observed a black male, later identified as Lane, and an unknown female engage in a hand-to-hand drug transaction. The unknown female handed Lane a single bill and Lane was holding a clear bag containing a dark-colored substance. The detectives stopped their vehicle next to Lane; Lane stared at them for a few seconds through the windshield and started running. The detectives pursued Lane and yelled for him to stop. Lane continued to run, but the detectives eventually drove onto to the sidewalk and blocked his flight. Lane removed a black object from his waistband and threw it into the backyard of a nearby residence. The object later was identified as a .380 caliber handgun.

Two detectives caught and secured Lane while the other detective maintained visual contact with the handgun. While holding Lane, one detective observed a clear bag on the ground near Lane's feet, which the detective identified as crack cocaine. According to the detectives, Lane stated the crack cocaine was

not his.  Lane subsequently pulled away from the detective and attempted to flee, but the detective took Lane to the ground.  During this time, the bag of crack cocaine blew away.  Once Lane was secure, the detectives searched for the bag of crack cocaine.  While they were looking, Lane repeatedly yelled: "All I had was the gun."  R at 194, 217, 236.  Lane's pockets were searched incident to arrest, and the detectives found a clear bag containing a green-brown leafy substance, an empty pill bottle, and $67.00 in cash.

Lane was charged with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  He initially pled not guilty to the charge.  Arguing probable cause did not exist for his arrest, Lane subsequently moved to suppress the clear bag with the green-brown leafy substance, any and all admissions pertaining to ownership of the firearm, any and all admissions pertaining to a bag that purportedly had crack cocaine, and the firearm.  The district judge denied the motion and found the arresting detectives had probable cause to believe Lane had engaged in a drug transaction in their presence.  Without a written plea agreement, Lane pled guilty to the charge; the district judge accepted the plea as being knowing and voluntary.

At sentencing, Lane objected to the calculation of his sentence under the Sentencing Guidelines and argued he should not have received a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for his alleged use or possession of

3

a firearm during a drug-trafficking crime.  The district judge overruled his objection and found the evidence was sufficient to find Lane had possessed a firearm during a marijuana transaction.  The judge further noted Lane was an armed-career criminal and was subject to a statutory mandatory-minimum sentence of 180 months of imprisonment.  The judge sentenced Lane to the mandatory minimum, which was below the applicable Sentencing Guidelines range of 188 to 235 months of imprisonment.  On appeal, Lane argues the district judge erred by (1) denying his motion to suppress, and (2) imposing a four-level enhancement to his Sentencing Guidelines range under U.S.S.G. § 2K2.1(b)(6)(B).[1]

## II. DISCUSSION

A. Motion to Suppress

Lane contends no probable cause existed for his arrest and asserts the district judge erred by denying his motion to suppress.  In reviewing denial of a motion to suppress, we use a mixed standard of review; factual findings are reviewed for

---

[1] Lane also raises the issue of whether the district judge erred by sentencing him as an armed-career criminal under 18 U.S.C. § 924(e)(1) and U.S.S.G. § 4B1.4, based on his prior conviction of fleeing or attempting to elude a law-enforcement officer.  He concedes the judge properly considered that conviction under binding precedent; even if the judge erred, any error was harmless, because Lane had three other convictions that qualified as predicate offenses for the enhanced sentence.  Because Lane does not argue this issue on the merits, we deem it abandoned.  *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir.2005) (recognizing, where a party fails to raise an argument on the merits in its brief or makes only passing references to an issue, the issue is deemed abandoned on appeal).

We also note Lane's counsel purports to raise this issue in accordance with *Anders v. California*, 386 U.S. 738 (1967), but he has not filed an *Anders* brief and argues the other issues on appeal on the merits.  Accordingly, his reference to *Anders* is misplaced and this issue is abandoned.  *See Sepulveda*, 401 F.3d at 1228 n.2.

clear error, while application of law to those facts is reviewed de novo. *United States v. Bautista-Silva*, 567 F.3d 1266, 1271 (11th Cir. 2009). A defendant's unconditional guilty plea, "made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in that defendant's court proceedings." *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997) (citation and internal quotation marks omitted). As opposed to an unconditional plea, a conditional plea preserves the defendant's right to appeal an adverse determination. Fed. R. Crim. P. 11(a)(2); *Pierre*, 120 F.3d at 1155. A conditional plea must be in writing and accepted by the judge and the government. *Id.*

We review de novo whether a voluntary, unconditional guilty plea waived a defendant's right to appeal an adverse ruling. *United States v. Patti*, 337 F.3d 1317, 1320 & n.4 (11th Cir. 2003). When waiver applies, the ruling is not reviewable. *See id*. at 1323. A district judge's refusal to suppress evidence is non-jurisdictional and is waived by an unconditional guilty plea. *United States v. McCoy*, 477 F.2d 550, 551 (5th Cir. 1973) (per curiam).[2]

Lane entered an unconditional guilty plea.[3] At his plea hearing, Lane failed to preserve in writing his right to appeal the district judge's denial of his motion to

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] Lane has not contested the voluntariness of his guilty plea; therefore, any argument to the contrary has been abandoned. *See United States v. Ford*, 270 F.3d 1346, 1347 (11th Cir. 2001) (per curiam).

suppress.  *See* Fed. R. Crim. P. 11(a)(2); *Pierre*, 120 F.3d at 1155.  Accordingly, Lane's unconditional guilty plea, "made knowingly, voluntarily, and with the benefit of competent counsel," *Pierre*, 120 F.3d at 1155, waived his right to challenge the denial of his motion to suppress, *McCoy*, 477 F.2d at 551.  Therefore, the district judge's ruling on the motion to suppress is not reviewable.

B. Sentencing Enhancement

Lane also argues the district judge erred in finding he had used or possessed a firearm in connection with another felony offense, thereby warranting a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B).  In evaluating a district judge's imposition of an offense-level enhancement, we review the judge's findings of fact for clear error and application of those facts to justify the sentencing enhancement de novo.  *United States v. Spriggs*, 666 F.3d 1284, 1286 (11th Cir. 2012).  When a district judge correctly imposes the statutory mandatory-minimum sentence, however, any error in the Guidelines calculations is harmless, and we need not address the error.  *See United States v. Chirino-Alvarez*, 615 F.3d 1344, 1346 (11th Cir. 2010) (per curiam).

Lane contends he should not have received a four-level enhancement under § 2K2.1(b)(6)(B).  He concedes the district judge correctly classified him as an armed-career criminal under 18 U.S.C. § 924(e)(1), which rendered a mandatory-minimum sentence of 180 months of imprisonment.  18 U.S.C. §§ 922(g)(1),

924(e)(1).  Because the district judge sentenced Lane to the statutory minimum sentence, any error in the Guidelines calculations was harmless.  *See Chirino-Alvarez*, 615 F.3d at 1346.  Therefore, we affirm Lane's conviction and sentence.

   **AFFIRMED.**