[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12416
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cr-80227-KLR-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SAMUEL DAVID ALVARADO,
a.k.a. Wham,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 18, 2017)

Before JORDAN, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Samuel Alvarado appeals his 240-month sentence, imposed after he pled guilty to conspiring to possess with intent to distribute cocaine base, heroin, and cocaine.  On appeal, he challenges several of the district court's guidelines calculations.  After careful review, we affirm.

## I.    BACKGROUND

According to the Presentence Investigation Report ("PSR"), law enforcement officers began investigating Defendant in August 2013 after receiving information that Defendant was the leader of the Latin Kings and responsible for distributing large quantities of narcotics.  As part of the investigation, law enforcement officers intercepted phone calls between Defendant and his coconspirators and listened to numerous phone calls that Defendant made while he was in state custody.  The wiretap interceptions revealed over 11,000 relevant phone calls involving drug transactions.

Defendant was eventually charged in a superseding indictment with (1) conspiracy to possess with intent to distribute 280 grams or more of cocaine base ("Count 1"), (2) conspiracy to possess with intent to distribute 100 grams or more of heroin ("Count 2"), and (3) conspiracy to possess with intent to distribute 500 grams or more of cocaine, all in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846.  The Government then filed a notice of enhancement, pursuant to 21 U.S.C. § 851, indicating in relevant part that Defendant faced a statutory minimum

2

sentence of 20 years' imprisonment as to Count 1 because of a prior Florida conviction for possession of cocaine. Defendant subsequently pled guilty to all three counts alleged in the indictment pursuant to a written plea agreement. As part of the agreement, Defendant and the Government agreed to jointly recommend the statutory mandatory minimum sentence of 240 months' imprisonment.

In anticipation of sentencing, the probation officer prepared the PSR. The PSR assigned Defendant a base offense level of 32, pursuant to U.S.S.G. § 2D1.1 because the amount of cocaine, cocaine base, and heroin that Defendant was responsible for distributing was equivalent to 7,718.42 kilograms of marijuana. Defendant also received:  (1) a two-level enhancement under § 2D1.1(b)(1) because he possessed a dangerous weapon; (2) a four-level enhancement under U.S.S.G. § 3B1.1(a) because he was an organizer or leader of criminal activity; and (3) a two-level enhancement under U.S.S.G. § 3C1.2 for obstruction of justice. With a three-level reduction for acceptance of responsibility, Defendant's total offense level was 37. Based on a total offense level of 37 and a criminal history score of IV, Defendant's guideline range was 292 to 365 months' imprisonment. The PSR noted that Defendant was subject to a mandatory minimum sentence of 240 months' imprisonment as to Count 1.

Defendant filed several objections to the PSR. He first challenged the base offense level of 32, arguing that the amount of cocaine base attributed to him was

too high.  He also objected to the other sentencing enhancements for possession of a dangerous weapon, leadership role, and obstruction of justice.

At the sentencing hearing, the district court confirmed that the parties had agreed to make a recommendation for the statutory mandatory minimum sentence of 240 months' imprisonment.  The Government stated that it had been informed that Defendant would be withdrawing his objections to the PSR in light of the statutory minimum sentence.  When asked by the district court if he was withdrawing his objections, Defendant stated that he did withdraw them, that the PSR supported the enhancements, and that "[n]othing would affect the statutory penalties."  Nevertheless, although he agreed that the information in the PSR could be interpreted to support the drug quantity amount attributed to him, he reiterated his belief that the amount of cocaine base was too high.

The district court overruled the objection.  The court also clarified that Defendant's base offense level was 32 and that all of the enhancements applied based on the facts set forth in the PSR.  The district court sentenced Defendant to 240 months' imprisonment.

Defendant now argues that the district court incorrectly calculated his base offense level because the amount of cocaine base attributed to him was too high. He also raises various challenges to the sentencing enhancements that were imposed by the district court.

4

## II.    DISCUSSION

We review the district court's findings of facts for clear error, and the application of the Sentencing Guidelines to those facts *de novo*.  *United States v. Vallejo*, 297 F.3d 1154, 1166 (11th Cir. 2002).

We have concluded that where the district court correctly imposes a statutory mandatory-minimum sentence, any error in the district court's calculation of the Guidelines is harmless, and we therefore do not need to consider a defendant's arguments pertaining to guidelines calculations.  *United States v. Raad*, 406 F.3d 1322, 1323 n.1 (11th Cir. 2005); *see also United States v. Chirino-Alvarez*, 615 F.3d 1344, 1346 (11th Cir. 2010); *United States v. Westry*, 524 F.3d 1198, 1222 (11th Cir. 2008).

Here, Defendant was sentenced to the statutory mandatory minimum of 240 months' imprisonment.  *See* 21 U.S.C. § 841(b)(1)(A)(iii) (providing that a sentence of not less than 20 years applies if the offense involved 280 grams or more of cocaine base and the defendant has a prior felony drug conviction). Defendant conceded at his sentencing hearing that the 240-month sentence applied and that his guidelines-calculations arguments would therefore have no effect on the statutory penalty.  Defendant also has not challenged the imposition of the mandatory minimum sentence on appeal.  Accordingly, we decline to consider the arguments raised by Defendant because, even if the district court erred in its

calculations of the Guidelines, any error was harmless.[1]  *See Raad*, 406 F.3d at 1323 n.1.

Nevertheless, even if we considered Defendant's arguments, he still would not be entitled to relief.  At the sentencing hearing, Defendant withdrew his objections to the sentencing enhancements—which included enhancements for possession of dangerous weapon, leadership role, and obstruction of justice.  *See United States v. Cobb*, 842 F.3d 1213, 1222 (11th Cir. 2016) (concluding that a defendant waives a sentencing objection on appeal where he expressly withdraws his objections before the district court).

The only objection arguably not withdrawn by Defendant was his objection to the base offense level of 32, in which he asserted that the amount of cocaine base attributed to him was too high.  However, he only challenges one specific PSR paragraph on appeal.  *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (arguments not raised on appeal are abandoned).  Specifically, he asserts that paragraph 62 refers to cocaine rather than cocaine base because it does not include any of the terms generally used to represent cocaine base.  While it is true that the phone call summarized in the contested paragraph does not mention any of the terms that were used to refer to cocaine base in several of the other

---

[1]  Defendant could not receive a sentence below the statutory minimum because the Government did not file a substantial-assistance motion and Defendant did not qualify for safety-valve relief. *See United States v. Castaing-Sosa*, 530 F.3d 1358, 1361 (11th Cir. 2008).

6

intercepted phone calls, that paragraph describes a coconspirator telling Defendant that the cocaine was not properly cooking into cocaine base. Because that conversation was about making cocaine base—a fact Defendant has not disputed—we cannot say that the district court clearly erred by determining that the drug amount referenced in that conversation referred to cocaine base. *See United States v. Monzo*, 852 F.3d 1343, 1345 (11th Cir. 2017) ("Clear error review is deferential, and we will not disturb a district court's findings unless we are left with a definite and firm conviction that a mistake has been committed." (quotations omitted)).

For the foregoing reasons, Defendant's sentence is **AFFIRMED**.