[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13848
Non-Argument Calendar

_____

D.C. Docket No. 8:17-cr-00092-VMC-MAP-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE DANIEL DERAS LOPEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 25, 2018)

Before WILSON, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Defendant Jose Lopez received a 120-month sentence after pleading guilty

to two charges: (1) conspiracy to possess with intent to distribute five kilograms or

more of cocaine while on board a vessel subject to the jurisdiction of the United States; and (2) possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States.  On appeal, Lopez argues that the district court erred in denying him a minor-role adjustment pursuant to U.S.S.G. § 3B1.2.  We hold that even if the district court did err—an issue that we need not reach—any error was harmless because Lopez received the statutory minimum sentence for his crimes.  Moreover, and in any event, we hold that because Lopez invited the very error that he now alleges, he is precluded from challenging it.

"This Court has long and repeatedly held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." *United States v. Rodriguez De Varon*, 175 F.3d 930, 937 (11th Cir. 1999). "[W]hen, as here, the district court correctly imposes a statutory mandatory minimum sentence that is greater than a defendant's Guidelines range, any error in the guidelines calculations is harmless, and we need not address these arguments." *United States v. Chirino-Alvarez*, 615 F.3d 1344, 1346 (11th Cir. 2010) (internal citations, quotations omitted).

Here, the district court sentenced Lopez to a 120-month sentence, which is the mandatory minimum sentence for his crimes.  21 U.S.C. § 960(b)(1)(B)(ii). Any guidelines calculation error is therefore harmless, and we need not entertain

Lopez's contention that the district court erred in denying him a minor-role downward adjustment.  *See Chirino-Alvarez*, 615 F.3d at 1346.

Separately, "[i]t is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." *United States v. Ross*, 131 F.3d 970, 988 (11th Cir. 1997) (internal quotations omitted). We have held that where a defendant "expressly acknowledged the court could impose" a condition in its sentence and "did not object to a sentence including [that condition]," the defendant "induced or invited the district court to impose a sentence that included [the condition]" and was thus "precluded from claiming the court erred" in its sentencing.  *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006).

Here, Lopez invited the error that he now alleges.  Not only did Lopez submit a sentencing memorandum in which he suggested that "[the district] court should impose a sentence of 120 months which is the mandatory minimum," but he also requested at sentencing that the district court "consider the arguments that [he] made . . . and impose the mandatory minimum sentence."  The district court then sentenced Lopez to 120 months' imprisonment, and Lopez stated that he had "[n]o other objections other than those already made."  Not only did Lopez "expressly acknowledge[]" his sentence's legitimacy and fail to object, as in *Love*, but he

3

specifically requested the sentence that he received and is thus "precluded from claiming the court erred."  449 F.3d at 1157.

For the foregoing reasons, we **AFFIRM** the district court's decision on the merits.  Additionally, we **REMAND** for the limited purpose of correcting the scrivener's error in the written judgment regarding Count Two.  *See United States v. Wimbush*, 103 F.3d 968, 970 (11th Cir. 1997).  The second count with which the United States charged Lopez (and to which Lopez pled guilty) was possession with intent to distribute—not conspiracy to possess with intent to distribute—five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States.