[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13107
Non-Argument Calendar
_____

D.C. Docket No. 6:17-cr-00235-GAP-TBS-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNATHAN SCOTT KEEN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 29, 2020)

Before MARTIN, ROSENBAUM, and TJOFLAT, Circuit Judges.

PER CURIAM:

I.

Johnathan Keen was indicted for one count of conspiring to distribute and to possess with the intent to distribute 50 grams or more of a substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. After the Government notified him that he was subject to an enhanced statutory mandatory minimum sentence because of his four prior convictions for felony drug offenses, Keen pleaded guilty.

Keen's Presentence Investigation Report ("PSR") identified him has a career offender under U.S.S.G. § 4B1.1, and his sentencing range was ultimately calculated to be 262 to 327 months. At the sentencing hearing, Keen argued that he was not a career offender. He asserted that he did not have two felony drug convictions because his two convictions were not separated by an intervening arrest—he was already in custody when served with the second arrest warrant. Noting the absence of precedent on this issue, the District Court overruled his objection. However, the Court departed downward from Keen's original Guidelines sentencing range, which resulted in a new Guidelines range of 151 to 188 months' imprisonment. Then, the Court varied downward from that range based on the parties' arguments, the 18 U.S.C. § 3553(a) factors, and the need to avoid disparity in sentencing, and it imposed the statutory mandatory minimum sentence of 120 months. Keen renewed his objection to the career offender enhancement, and now appeals.

2

## II.

Keen raises three issues on appeal.

First, for the first time, Keen argues that the District Court erred because, under the First Step Act of 2018,[1] his prior felony drug convictions did not qualify as "serious drug felonies," and therefore he was not subject to a 120-month mandatory minimum sentence.

Second, for the first time, Keen argues that the District Court erred because his prior state felony drug convictions were not "felony drug offenses" within the meaning of 21 U.S.C. § 841(b)(1)(B).  According to Keen, his prior convictions do not qualify because the applicable Florida drug trafficking statute—Florida Statute § 893.13—lacks a *mens rea* element.

Third, Keen argues that his sentence is procedurally unreasonable because the Court erroneously determined that he was subject to a career criminal offender enhancement.

We disagree with Keen on all three grounds.  Therefore, we affirm.

## III.

For the first time in this direct appeal, Keen argues that the District Court erred by finding that he was subject to a 120-month mandatory minimum sentence

---

[1] Pub. L. No. 115-391, 132 Stat. 5194.

3

because, under the First Step Act of 2018, his prior felony drug convictions do not qualify as "serious drug felonies."

We review this claim for plain error because Keen did not raise the issue during sentencing.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  To prevail on plain error review, a defendant must show (1) an error, (2) that is plain, (3) that affects his substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id*.  We find no such error.

Before Congress enacted the First Step Act of 2018, a defendant who violated § 841(b)(1)(B) was subject to a 120-month mandatory minimum sentence if he had a prior conviction for a "felony drug offense" that had become final before the § 841 violation.  The First Step Act, which was enacted on December 21, 2018, changed this statutory language.  Now, a defendant is subject to this 120-month mandatory minimum sentence if his prior conviction was for a "serious drug felony" or "serious violent felony," instead of a "felony drug offense." Importantly, however, this change only applies to an offense that was committed before December 21, 2018, "if a sentence for the offense has not been imposed as of such date."  First Step Act of 2018, Pub. L. No. 115-391, § 401(c), 132 Stat. at 5221.

4

Here, there was no plain error because the First Step Act's changes to § 841(b)(1)(B) do not apply to defendants who were sentenced before December 21, 2018, and Keen was sentenced on July 9, 2018.

IV.

Next, for the first time in this direct appeal, Keen argues his prior felony drug convictions were not "felony drug offenses" within the meaning of § 841(b)(1)(B) because the applicable Florida drug trafficking statute—Florida Statute § 893.13—lacks a *mens rea* element.

We review this claim for plain error because Keen did not raise the issue during sentencing. *See Vandergrift*, 754 F.3d at 1307. We find no such error.

In *Burgess v. United States*, 553 U.S. 124, 128 S. Ct. 1572 (2008), the Supreme Court held that "[t]he term 'felony drug offense' contained in § 841(b)(1)(A)'s provision for a 20-year minimum sentence . . . is defined exclusively by [21 U.S.C.] § 802(44)." *Id.* at 126, 128 S. Ct. at 1575. Section 802(44) defines the term "felony drug offense" as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs."[2] *Id.*

---

[2] Cocaine is a narcotic drug. 21 U.S.C. § 802(17)(D).

5

Here, we see no reason why "felony drug offense" would be defined differently in § 841(b)(1)(A) and § 841(b)(1)(B); both sections use that same phrase, and the surrounding statutory language is nearly identical.  Therefore, under *Burgess*, the fact that Florida Statute § 893.13 lacks a *mens rea* element is irrelevant because Keen was convicted of drug offenses that were "punishable by imprisonment for more than one year" under Florida law.  *See Burgess*, 553 U.S. at 126, 128 S. Ct. at 1575.  As such, his prior convictions qualify as "felony drug offenses" under § 841(b)(1)(B).[3]  *Accord United States v. Howard*, 767 F. App'x 779, 786 (11th Cir. 2019) (finding that § 841(b)(1)(B)'s mandatory minimum was properly imposed because the defendant's previous convictions for violating Florida Statute §§ 893.13(1)(a)(1) and 893.13(6)(a) were "felony drug offenses").  Accordingly, the District Court did not plainly err by imposing § 841(b)(1)(B)'s mandatory minimum sentence.

## V.

Finally, Keen argues that his sentence is procedurally unreasonable because the District Court erroneously determined that he was a career offender when it

---

[3] Our analysis here applies only for defendants convicted of violating § 841(b)(1)(B) and sentenced before December 21, 2018.  As discussed in Part II., for all other defendants, the relevant inquiry would be whether their prior convictions qualify as "serious drug felon[ies]" or "serious violent felon[ies]" because of the changes made by the First Step Act.

calculated his Guidelines sentencing range.  The Government counters that Keen waived his right to appeal on this ground in his plea agreement.

Even if Keen did not waive his right to appeal the District Court's Guidelines calculation, his claim would still fail.  The District Court properly imposed the statutory mandatory minimum sentence under § 841(b)(1)(B), which was greater than Keen's Guidelines range.  Therefore, any error regarding Keen's status as a career offender was harmless.  *See United States v. Chirino-Alvarez*, 615 F.3d 1344, 1346 (11th Cir. 2010).

VI.

For the foregoing reasons, we affirm.

**AFFIRMED.**