**Benito ORTEGA–VELASQUEZ,**
**Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

No. 72–2203

**Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

Aug. 28, 1972.

Benito Ortega-Velasquez, pro se.

William S. Sessions, U. S. Atty., Ralph E. Harris, Asst. U. S. Atty., El Paso, Tex., for respondent-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a motion under 28 U.S.C.A. § 2255 to vacate judgment and sentence. We affirm.

On June 18, 1962 appellant, represented by counsel, pleaded guilty to charges of smuggling some 58 pounds of marijuana into the United States in violation of 21 U.S.C.A. § 176a, and with failing to register with customs officials in violation of 18 U.S.C.A. § 1407. Appellant was charged in two additional counts of the indictment with transporting marijuana in violation of 21 U.S.C.A. § 176a, and with failing to pay the transfer tax on contraband in violation of 26 U.S.C.A. § 4744(a). These latter two counts were dismissed on the government's motion. The district court accepted appellant's guilty plea and sentenced him to serve ten years on the smuggling count, the minimum mandatory term for a second narcotics offender, and three years on the registration count. The sentences were to run concurrently. Appellant was paroled on May 5, 1967, but was recommitted as a parole violator on September 15, 1971.

■ Appellant maintains that his guilty plea was involuntary in that it was not knowingly, understandingly, and intelligently made and that his conviction must therefore be set aside. He alleges no facts that would justify an evidentiary hearing on the issue of voluntariness. Weaver v. Texas, 5 Cir., 1971, 441 F.2d 388.

Appellant also claims that his plea was involuntary because it had the effect, unknown to him at the time, of waiving his Fifth Amendment right against compulsory self-incrimination. This contention is without merit. Appellant is under the mistaken impression that he was convicted under 26 U.S.C.A. § 4744(a). He argues that his guilty plea waived Fifth Amendment rights which are an absolute defense to prosecutions under that section, relying on Leary v. United

---

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

States, 1969, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57. Appellant's problem is that he was not convicted under § 4744(a).

■ The fact of the plea of guilty bars any claim that a search incident to appellant's arrest was illegal. Busby v. Holman, 5 Cir., 1966, 356 F.2d 75.

Affirmed.