**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Michael W. McCOY, Defendant-Appellant.**

**No. 72-3097**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 25, 1973.

Tabor R. Novak, Jr., Montgomery, Ala. (court appointed), for defendant-appellant.

Ira DeMent, U. S. Atty., David B. Byrne, Jr., Asst. U. S. Atty., Montgomery, Ala., for plaintiff-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

Michael W. McCoy appeals from the district court's decision denying his motion to withdraw his guilty plea. We affirm.

On February 23, 1972, McCoy was indicted by a federal grand jury on a charge of false registration in violation of 18 U.S.C. § 1341. After a hearing, the district court denied McCoy's motion to suppress certain evidence. On April 21, McCoy entered a plea of not guilty. He then filed several motions attacking the district court's decision

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

and the credibility of certain witnesses who testified at the suppression hearing. The court later denied each of these motions. On June 19, McCoy withdrew his plea of not guilty and entered a plea of guilty to the first count in the indictment. After the court accepted the plea, the government dismissed the remaining charges. The court then directed that McCoy be committed under 18 U.S.C. § 5010(e) for a period of 60 days for study and observation.

On August 15, McCoy filed a motion to withdraw his guilty plea. The court denied the motion after a hearing and on August 30 sentenced McCoy to an indeterminate sentence under 18 U.S.C. § 5010(b). McCoy appealed.

■ There is no absolute right to withdraw a guilty plea before imposition of sentence, Kirshberger v. United States, 5 Cir. 1968, 392 F.2d 782, or after imposition of sentence, United States v. McDaniel, 5 Cir. 1970, 425 F.2d 813. The decision to grant such a motion is left to the sound discretion of the trial court. Rimanich v. United States, 5 Cir. 1966, 357 F.2d 537.

■ McCoy argues that his guilty plea was entered with reluctance, that he lacked confidence in his attorney, that perjured testimony was offered against him, and that the facts relevant to his plea are disputed. In response, the government asserts that the district court's order committing McCoy under 18 U.S.C. § 5010(e) for a period of study and observation constitutes an imposition of sentence and that under rule 32(d) of the Federal Rules of Criminal Procedure, withdrawal of a guilty plea should be allowed only to correct a manifest injustice.

We need not decide whether commitment under section 5010(e) constitutes imposition of sentence within the meaning of Rule 32(d) since we find that, even assuming the motion was made before sentencing, the district court did not abuse its discretion in denying the motion. The record shows that before accepting McCoy's guilty plea the trial court carefully inquired into the factual basis for the plea and concluded that it was voluntarily and knowingly made. McCoy was represented by court-appointed counsel who also advised him of his rights. When McCoy filed the motion to withdraw his guilty plea, the court held another hearing to inquire into the basis for the motion and to permit him to advance any argument in support of his position. The court concluded that the motion should be denied. We cannot say that the trial court abused its discretion in so deciding.

■ McCoy also raises several questions concerning the district court's refusal to suppress certain evidence. These issues, however, are clearly non-jurisdictional and were effectively waived by McCoy's guilty plea. Ortega-Velasquez v. United States, 5 Cir. 1972, 465 F.2d 419.

The decision of the district court must therefore be affirmed.

Affirmed.