[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 8, 2005
THOMAS  K. KAHN
CLERK

No. 04-12183
Non-Argument Calendar

_____

D. C. Docket No. 03-00274-CR-T-27-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY LEE WHITE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 8, 2005)**

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Jimmy Lee White appeals his conviction and sentences for possession with

intent to distribute five grams or more of cocaine base (crack cocaine), 21 U.S.C.

§ 841(a)(1) & (b)(1)(B)(iii); possession with intent to distribute  cocaine, 21 U.S.C. § 841(a)(1) & (b)(1)(C); and possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1) & (b)(1)(D).  After the district court denied his motion to suppress certain statements he had made to law enforcement, White pleaded guilty to all charges.  White did not at any time reserve a right to appeal the denial of the motion to suppress.  On appeal, White raises three issues, which will be discussed in turn.

First, White argues that the district court erred in denying his motion to suppress his statements because the statements were obtained in violation of his Fifth Amendment right to remain silent.  He contends that, after he invoked his right to remain silent, law enforcement resumed interrogation without "scrupulously honoring" his previous exercise of his right to remain silent.

When a defendant knowingly and voluntarily enters an unconditional guilty plea, he waives all non-jurisdictional defects in his court proceedings.  United States v. Patti, 337 F.3d 1317, 1320 (11th Cir. 2003), cert. denied, 124 S.Ct. 1146 (2004).  A district court's refusal to suppress evidence is non-jurisdictional and is waived by a guilty plea.  United States v. McCoy, 477 F.2d 550, 551 (5th Cir. 1973).  The Federal Rules of Criminal Procedure provide that: "With the consent of the court and the government, a defendant may enter a conditional plea of guilty

or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion." Fed.R.Crim.P. 11(a)(2); see also United States v. Pierre, 120 F.3d 1153, 1155 (11th Cir. 1997) (holding that a defendant who wishes to preserve appellate review of a non-jurisdictional defect while at the same time pleading guilty can do so only by entering a "conditional plea" in accordance with Rule 11(a)(2)).

White has waived his right to appeal the denial of his motion to suppress by entering into an unconditional guilty plea, without reserving in writing the right to appeal the denial of his motion to suppress. White, moreover, has no argument in his brief that his guilty plea was not knowing or voluntary. Thus, we will not review the denial of the motion to suppress.

Second, White argues that the district court erred in assessing a two-level sentencing enhancement for possession of a weapon because, pursuant to Blakely v. Washington, 542 U.S. __, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the fact of possession of a weapon was not decided by the jury beyond a reasonable doubt nor admitted by him. White did not raise this issue below.

When a defendant fails to make an objection or argument in the district court, review is limited to plain error. See United States v. Duncan, 381 F.3d 1070, 1073 (11th Cir. 2004). "We have discretion to correct an error under the plain

error standard where (1) an error occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 1073-74 (internal citations omitted).

Two important cases have been issued since the time that White submitted his briefs. The first is United States v. Booker, 542 U.S. __, 125 S.Ct. 738 (2005), in which the Supreme Court held that the use of a mandatory sentencing guidelines system in which sentences are increased because of an enhancement based on facts found by the judge but not admitted by the defendant or found by the jury violated the Sixth Amendment right to trial by jury. The second case is United States v. Rodriguez, __ F.3d __, 2005 WL 272952 (11th Cir. Feb. 4, 2005), in which this court applied the plain error test to an appellant's Booker challenge. There, the court determined that the error committed by the sentencing judge was "the use of extra-verdict enhancements to reach a guidelines result that is binding on the sentencing judge; the error is the mandatory nature of the guidelines once the guidelines range has been determined." Rodriguez, 2005 WL 272952 at *9. Under the third prong of the plain error test, the court continued,

> where the effect of an error on the result in the district court is
> uncertain or indeterminate–where we would have to speculate–the
> appellant has not met his burden of showing a reasonable probability
> that the result would have been different but for the error; he has not

4

met his burden of showing prejudice; he has not met his burden of showing that his substantial rights have been affected.

Id. at *10 (citing Jones v. United States, 527 U.S. 373, 394-95, 119 S.Ct. 2090 2105 (1999)).

Like the appellant in Rodriguez, White cannot meet his burden of showing that his substantial rights have been affected. He has not produced any evidence that the district court felt constrained by the mandatory nature of the guidelines and only because of those constraints sentenced him to 87 months on Counts 1 and 2 and 60 months on Count 3.[1]

Third, White argues that the district court erred in failing to apply a two-level reduction under U.S.S.G. § 2D1.1(b)(6) when he satisfied all the criteria set forth in § 5C1.2 (listing criteria for safety valve relief as found in 18 U.S.C. § 3553(f)).

We review sentencing claims raised for the first time on appeal for plain error. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000). Section

---

[1] Moreover, White's Blakely challenge is focused solely on the two-level enhancement for possession of a weapon. However, at sentencing, White expressly withdrew his objection to this enhancement, in effect admitting that he did in fact possess the weapon and the enhancement was in fact appropriate. Thus, no judicial fact-finding was involved, and there would have been no Sixth Amendment or Blakely error even in the context of mandatory guidelines because of White's admission. See United States v. Shelton, ___ F.3d ___, 2005 WL 435120 at *4 (11th Cir. Feb. 25, 2005) (finding no Sixth Amendment error in similar circumstances). Even though there was no Sixth Amendment error, there was Booker error in that the sentencing judge considered the Guidelines as binding rather than advisory. Id. at *5. However, as explained in the text, White cannot satisfy the plain error analysis with respect to this error.

5

2D1.1(b)(6) of the Sentencing Guidelines provides a two-level reduction for a defendant who meets the five requirements of the safety valve relief set forth in U.S.S.G. § 5C1.2. One criteria requires in pertinent part that the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense. U.S.S.G. § 5C1.2(a)(2).

The district court did not commit plain error in failing to apply a reduction under U.S.S.G. § 2D1.1(b)(6) pursuant to § 5C1.2 where White did not dispute that he possessed firearms in connection with his offenses.

Accordingly, we affirm White's conviction and sentences.

**AFFIRMED.**[2]

---

[2] Appellant's request for oral argument is denied.