[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 10, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13546
Non-Argument Calendar
_____

D. C. Docket No. 04-00081-CR-WDO-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHESTER BYRD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(February 10, 2006)**

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Defendant-appellant, Chester Byrd appeals his conviction for possession

with intent to distribute more than 20 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), and 18 U.S.C. § 2. By entering an unconditional guilty plea without reserving in writing the right to appeal the denial of his motion to suppress, Byrd has waived his right to appeal the district court's adverse determination of his pre-trial motion to suppress evidence obtained after an allegedly improper search and seizure. Accordingly, we AFFIRM.

## I. BACKGROUND

A federal grand jury indicted Chester Byrd on one count of possession with intent to distribute more than 20 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), and 18 U.S.C. § 2. Initially, Byrd pled not guilty to this charge and moved to suppress the evidence obtained when, after his car was stopped in an area known for high drug activity, an officer reached into Byrd's pant pocket and removed a piece of clear plastic wrap containing crack cocaine. After the government responded and a hearing was held, the district court denied Byrd's motion to suppress evidence. Byrd then changed his plea to guilty, pursuant to a written plea agreement. In his written plea agreement, Byrd agreed to plead guilty as charged in the indictment. R1-28 at 2-3. Byrd generally waived his right to appeal and did not reserve in writing the right to have us review the denial of his motion to suppress. See id. at 4-5. The district court then sentenced Byrd to

2

57 months of imprisonment and five years of supervised release. Byrd filed a timely notice of appeal. On appeal, Byrd argues that the district court erred in denying his motion to suppress evidence seized during a traffic stop. The government responds that a challenge to the denial of a motion to suppress evidence is a nonjurisdictional issue, which Byrd waived when he entered his unconditional guilty plea.

## II. DISCUSSION

We review whether a voluntary unconditional guilty plea waives a defendant's ability to appeal adverse rulings of pre-trial motions de novo. United States v. Patti, 337 F.3d 1317, 1320 n.4 (11th Cir. 2003). By entering a voluntary unconditional guilty plea, a defendant "waives all nonjurisdictional defects in the proceedings." Id. at 1320. A district court's refusal to suppress evidence is nonjurisdictional and is waived by a guilty plea. United States v. McCoy, 477 F.2d 550, 551 (5th Cir. 1973) (per curiam). "A defendant who wishes to preserve appellate review of a non-jurisdictional defect while at the same time pleading guilty can do so only by entering 'a conditional plea' in accordance with [Federal Rule of Criminal Procedure] 11(a)(2)." United States v. Pierre, 120 F.3d 1153, 1155 (11th Cir. 1997). Rule 11 provides that "[w]ith the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo

contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pre-trial motion." Fed. R. Crim. P. 11(a)(2).

In this case, Byrd failed to make his guilty plea conditional. Thus, he has waived his right to appellate review of the district court's denial of his motion to suppress.

## III. CONCLUSION

Byrd appeals his conviction for possession with intent to distribute crack cocaine. Because he entered an unconditional guilty plea without reserving in writing the right to appeal the denial of his motion to suppress, Byrd waived his right to appeal the district court's denial of his motion to suppress evidence. Accordingly, his conviction and sentence must be **AFFIRMED**.