[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16985
Non-Argument Calendar

_____

D. C. Docket No. 05-80035-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALTER JAMES HICKMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 27, 2006)

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Walter James Hickman appeals his conviction after he pled guilty to various crack cocaine offenses, in violation of 21 U.S.C. § 841(a)(1). Hickman asserts the district court erred by denying his motion to suppress evidence because the police lacked probable cause for his arrest. We affirm Hickman's conviction.

We review whether a voluntary, unconditional guilty plea waives a defendant's ability to appeal adverse rulings of pre-trial motions as a question of law using a *de novo* standard. *United States v. Patti*, 337 F.3d 1317, 1320 n.4 (11th Cir. 2003). By entering a voluntary, unconditional guilty plea, a defendant waives all non-jurisdictional defects in the proceedings. *Id.* at 1320. A district court's refusal to suppress evidence is non-jurisdictional and is waived by a guilty plea. *United States v. McCoy*, 477 F.2d 550, 551 (5th Cir. 1973).[1] "A defendant who wishes to preserve appellate review of a non-jurisdictional defect while at the same time pleading guilty can do so only by entering a 'conditional plea' in accordance with Fed. R. Crim. P. 11(a)(2)." *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997). Rule 11(a)(2) provides: "With the consent of the court and the government, a defendant may enter a conditional plea of guilty or

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

2

nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion."

Hickman entered into an unconditional guilty plea without making any kind of written agreement and without expressing a desire to preserve his right to raise the suppression issue on appeal. The district court explained to Hickman that he would not be able to appeal his motion to suppress, and Hickman agreed. As Hickman failed to preserve the right to appeal the denial of his motion to suppress, a non-jurisdictional claim, he has waived his right to appeal this ruling.

**AFFIRMED.**