[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13970
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cr-20740-MGC-3


UNITED STATES OF AMERICA,

                                                            Plaintiff-Appellee,

                        versus

RULEXY RODRIGUEZ-VAZQUEZ,

                                                            Defendant-Appellant.


_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(May 10, 2016)

Before TJOFLAT, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

    Rulexy Rodriguez-Vazquez appeals his conviction for conspiracy to possess

with intent to distribute 100 kilograms or more of a mixture and substance

containing a detectable amount of marijuana, arguing that the district court erred by denying his motion to suppress evidence. The government argues that Rodriguez-Vazquez's unconditional guilty plea bars this appeal.

We review whether a voluntary unconditional guilty plea waives a defendant's ability to appeal adverse rulings of pre-trial motions *de novo*. *See United States v. Patti*, 337 F.3d 1317, 1320, 1320 n.4 (11th Cir. 2003). By entering a voluntary unconditional guilty plea, a defendant waives all non-jurisdictional defects in the proceedings. *Id*. at 1320. We will not consider a defendant's challenge to the district court's denial of a motion to suppress if that issue was not preserved in a conditional plea. *United States v. McCoy*, 477 F.2d 550, 551 (5th Cir. 1973); *see also United States v. Wai-Keung*, 115 F.3d 874, 877 (11th Cir. 1997) (declining to discuss a suppression issue that was beyond the challenges that the conditional guilty plea permitted).

A defendant who wishes to preserve appellate review of a non-jurisdictional defect while at the same time pleading guilty can do so only by entering a conditional plea in accordance with Fed. R. Crim. P. 11(a)(2). *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997). The conditional plea must be in writing and must be consented to by the court and by the government. *Id.* A party seeking to raise a claim or issue on appeal must plainly and prominently so indicate; otherwise, the issue—even if properly preserved at trial—will be

2

considered abandoned. *United States v. Jernigan*, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003).

Rodriguez-Vazquez entered into an unconditional guilty plea. He does not dispute on appeal that his plea was knowing and voluntary, and so has abandoned any such challenge. *See Jernigan*, 341 F.3d at 1284 n.8. Because he voluntarily entered into an unconditional guilty plea, he has waived his right to challenge the district court's denial of his motion to suppress. *See McCoy*, 477 F.2d at 551.

**AFFIRMED.**

3