[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12665
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-00323-LSC-WC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH LEROY THOMAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(August 15, 2018)

Before TJOFLAT, NEWSOM and HULL, Circuit Judges.

PER CURIAM:

Joseph Leroy Thomas appeals the district court's orders denying his motions

to compel discovery, to suppress evidence, and for a bifurcated hearing after

pleading guilty to being a felon in possession of a firearm.  After careful review of the record and consideration of the parties' briefs, we affirm.

## I. BACKGROUND

### A.    Initial Proceedings

In July 2016, a federal grand jury indicted Thomas on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), based on his possession of five firearms and assorted ammunition, after having previously been convicted of several felony theft and controlled substance offenses.  The weapons were discovered during the execution of a search warrant issued for Thomas's home on January 6, 2016 in connection with suspected controlled substance offenses.

In the search warrant application and affidavit, Officer Timothy Traynham of the Dothan Police Department recited the following information as probable cause for the search:

> On January 6, 2016 Investigator Krabbe received information from a reliable confidential informant (CI) that Joseph Thomas received approximately ten pounds of synthetic marijuana at his home at 1026 S. Bell Street Dothan, Houston County, Alabama the night prior. Based off of the information provided[,] physical surveillance of the residence was conducted.  During the surveillance Corporal Godwin observed a white male approach 1026 S. Bell Street Dothan, Houston County, Alabama and stay for approximately one minute before leaving.  Contact was made with the undisclosed white male.  During their contact the subject was found in possession of synthetic marijuana where he stated he purchased from 1026 S. Bell Street from a black male known to him as "Joe."

2

A state court judge found probable cause to issue a search warrant, and police executed the warrant that same day, January 6, 2016.

Initially, Thomas pled not guilty to the felon-in-possession charge, but in November 2016, Thomas filed a notice of intent to change his plea to guilty, without a written plea agreement.  The notice did not explicitly reserve any rights to appeal.  A change of plea hearing was scheduled for December 8, 2016, but ultimately was not held.

## B.    Thomas's Motion to Suppress Evidence and Compel Discovery

Instead, on December 21, 2016, Thomas filed a motion to suppress evidence and compel discovery.  In his motion, Thomas (1) moved to suppress all evidence obtained from the search of his home on January 6, 2016, as well as all statements he made to law enforcement officers that day, (2) moved to compel the government to disclose the identities of the confidential informant ("CI") and the unidentified white male referenced in the warrant affidavit, and (3) requested an evidentiary hearing on those issues.

Thomas challenged the validity of the search warrant on two grounds.  First, Thomas argued that the CI was unreliable and that officers knew the CI was unreliable.  Thomas stated that he "believe[d] the CI is a man who harbors personal animus against him and who provided false information [about him] to law enforcement officers in the past."  Thomas asserted, however, that he could not be

3

certain of the CI's identity without compelling the government to reveal his name, which it had thus far refused to do. Thomas further noted that the CI's tip was suspect because the CI told officers that Thomas had received ten pounds of synthetic marijuana, but when the officers executed the search, they recovered less than a pound.

Second, Thomas contended that law enforcement officers fabricated the information concerning the unidentified white male's alleged purchase of synthetic marijuana from Thomas on January 6, 2016. Thomas stated that he was "prepared to testify at a suppression hearing that he did not sell synthetic marijuana to anyone on January 6, 2016," and argued that the government had "no good reason . . . not [to] turn over all information it ha[d] about [the unidentified male]," who was merely a "fact witness" and not a CI.

## C.    Government's Response

In response, the government asserted that it has a privilege not to disclose the identities of its informants. The government conceded that the privilege is not absolute, but explained that courts assessing whether disclosure is appropriate in a given case must balance the public interest in protecting the flow of information against the defendant's right to prepare his defense. The government further explained that this balancing requires the court to consider: (1) the extent of the CI's participation in the defendant's criminal activity; (2) the directness of the

4

relationship between the asserted defense and the probable testimony of the CI; and (3) the government's interest in nondisclosure.

The government then argued that Thomas failed to satisfy his burden of showing those factors counseled in favor of disclosure in his case. Specifically, the government noted that (1) neither informant (the CI or the unidentified white male) had any involvement with Thomas's charged firearms offense, (2) Thomas had asserted no trial defense to which the informants' testimony might be relevant, and (3) the government had a strong interest in nondisclosure based on its fear that Thomas would seek retribution against the informants and its belief that at least one of the informants continued to provide information to law enforcement.

The government then contended that Thomas was not entitled to a Franks[1] hearing on his motion to suppress because he had not made a sufficient preliminary showing that the assertions as to both informants in the warrant affidavit were false. Among other things, the government noted that Thomas had provided no witness statements or affidavits in support of his motion and made only conclusory allegations regarding the alleged falsity of the informants' information.

## D.    Thomas's Motion to Bifurcate

Thomas then filed a motion to bifurcate the requested hearings on his motion to compel and motion to suppress. Thomas conceded that he had not yet met his

_____

[1]Franks v. Delaware, 438 U.S. 154, 98 S. Ct. 2674 (1978).

burden with respect to the motion to suppress, but contended he could not do so without first discovering the identities of the government's informants. Accordingly, Thomas argued that it was necessary for the district court to conduct an evidentiary hearing to determine his entitlement to disclosure of the informants' identities. Thomas further submitted that the three-part test identified by the government did not apply in the context of his motions to compel and to suppress because he was challenging the legality of the search and ultimate admissibility of the evidence, rather than seeking to raise a defense at trial. Thomas therefore requested that the district court bifurcate the motions to compel and to suppress, order the government to disclose the informants' identities, and allow him time to investigate the informants and amend his motion to suppress based on that investigation.

A magistrate judge issued an order denying Thomas's motion to bifurcate. The magistrate judge determined that there was "sufficient information before the court to make a determination as to whether the informants' identities in this case should be disclosed" and therefore declined to hold an evidentiary hearing on that issue. The magistrate judge likewise declined to bifurcate the motions to suppress and to compel and declined Thomas's request that the district court compel the government to release the informants' names, stating that issue would be addressed

in the magistrate judge's recommendation to the district court on the original motion to compel.

### E.    Magistrate Judge's Recommendation on Thomas's Motion to Suppress Evidence and Compel Discovery

On the same day, the magistrate judge also issued a report and recommendation ("R&R") on the motions to suppress and to compel.  As to the motion to compel, the magistrate judge determined that Thomas was not entitled to disclosure of the informants' identities under the balancing test required by this Court's precedent.  First, the magistrate judge determined that the government had a valid interest in preventing disclosure of the informants' identities based on its concerns that Thomas would retaliate against them and that disclosure would compromise pending investigations because at least one of the informants continued to provide information to law enforcement.  Second, the magistrate judge concluded that both informants merely acted as "tipsters" and were not involved in Thomas's charged firearms offense.

Third, the magistrate judge explained that Thomas was "clearly attempting to challenge the probable cause supporting the issuance of the state court search warrant," and neither informant was connected to Thomas's charged conduct or any potential defense he might raise.  Accordingly, the magistrate judge concluded that the factors weighed in favor of the government's interest in preventing disclosure, and recommended denying Thomas's motion to compel.

7

As to Thomas's motion to suppress, the magistrate judge stated that Thomas's attack on the search warrant affidavit was "nothing more than speculative and conclusory." The magistrate judge noted that although Thomas's motion presented a "theory" that the CI was a person who harbored a personal animus toward him, Thomas provided no witness statements, affidavits, or evidence of any kind to support his theory. Nor did Thomas present any evidence that Officer Traynham knew or should have known that the CI was unreliable, or that Traynham deliberately or recklessly included false information in his affidavit. The magistrate judge likewise concluded that Thomas failed to provide any evidence in support of his claim that law enforcement fabricated the encounter with the unidentified white male or that Officer Traynham knew of any such fabrication when making the warrant affidavit. Thus, the magistrate judge determined Thomas failed to make a sufficient preliminary showing of his entitlement to a Franks hearing, and his motion to suppress was due to be denied.

## F.    Thomas's Objections and District Court's Order

Thomas filed objections to the R&R. Thomas argued that the magistrate judge applied the wrong standard in reviewing his motion to compel. Thomas contended that the "central issue" was the legality of the search warrant and admissibility of the evidence obtained as a result of that warrant and that "[t]hese [were] not defenses" but questions of law enforcement's reliance on the

representations of the informants that formed the basis of for the search warrant. Thomas therefore asserted that the R&R did not address the "true issues" before the court. Notably, however, Thomas did not offer any alternative standard for evaluating those issues.

The district court adopted the R&R over Thomas's objections and denied his motions to compel and to suppress. Following the denial of his motions, Thomas filed a second notice of intent to change his plea, again without a written plea agreement and without any express reservation of any appeal rights. This time, Thomas proceeded with his change of plea and pled guilty to the felon-in-possession charge.[2] Following a sentencing hearing, the district court sentenced Thomas to 85 months' imprisonment.[3]

## II. DISCUSSION

Generally, a defendant's voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings against him. United States v. Brown, 752 F.3d 1344, 1347 (11th Cir. 2014); see also United States v. Patti, 337 F.3d 1317, 1322-23 (11th Cir. 2003). Recently, in Class v. United States, the Supreme Court reviewed the types of non-jurisdictional claims that are waived or barred on appeal by a defendant's valid guilty. 583 U.S. __, __, 138 S. Ct. 798, 805-06 (2018).

---

[2]The transcript of the plea hearing is not included in the record on appeal.
[3]In this direct appeal, Thomas does not challenge his sentence or any of the guidelines calculations used in determining his guidelines range or in imposing the sentence.

9

Among other things, the <u>Class</u> Court explained that a valid guilty plea "renders irrelevant—and thereby prevents the defendant from appealing—the constitutionality of case-related government conduct that takes place before the plea is entered," such as a challenge to the admissibility of evidence obtained in violation of the Fourth Amendment. <u>Id.</u> at __, 138 S. Ct. at 805; <u>see also</u> <u>United States v. McCoy</u>, 477 F.2d 550, 551 (5th Cir. 1973) ("McCoy also raises several questions concerning the district court's refusal to suppress certain evidence. These issues, however, are clearly non-jurisdictional and were effectively waived by McCoy's guilty plea.").

A defendant who wishes to plead guilty may preserve his appeal rights by entering a conditional plea. Fed. R. Crim. P. 11(a)(2). Such a plea, however, must be made "[w]ith the consent of the court and the government," and must "reserv[e] in writing the right to have an appellate court review an adverse determination of a specified pretrial motion." Fed. R. Crim. P. 11(a)(2); <u>see also</u> <u>United States v. Pierre</u>, 120 F.3d 1153, 1155 (11th Cir. 1997).

Here, Thomas seeks to appeal the district court's denial of his motions to bifurcate, to compel, and to suppress, all of which pertained to his underlying claim that the search warrant in this case was obtained in violation of the Fourth Amendment, and thus the evidence obtained from the search should be suppressed. Thomas also submits that in failing to hold an evidentiary hearing to determine his

need for disclosure of the informants' identities to support his motion to suppress, the district court denied him due process.

The problem for Thomas is that these are non-jurisdictional issues waived by his unconditional guilty plea.  See Class, 583 U.S. at __, 138 S. Ct. at 805; McCoy, 477 F.2d at 551.  As noted above, Thomas pled guilty without a written plea agreement and neither of his notices of intent to change his plea included an express reservation of any appeal rights.  Nor does the record contain any indication that Thomas ever sought or obtained the consent of the government and the district court to enter a conditional plea reserving his right to appeal the denial of his pretrial motions.[4]  In the absence of such a written reservation, and without any argument from Thomas on appeal that his plea was not knowing or voluntary, Thomas has waived his right to appeal the district court's denial of his pretrial motions.  See Fed. R. Crim. P. 11(a)(2); Brown, 752 F.3d at 1347.  Accordingly, we affirm Thomas's conviction and sentence.

**AFFIRMED.**

---

[4]Notably, Thomas has not filed a reply brief on appeal, and therefore has not responded to the government's argument that his guilty plea waived the issues he now seeks to raise.  Nor did Thomas argue that point in his initial brief, aside from a single conclusory statement that he entered his notice of intent to change his plea "without waiving his right to appeal the trial courts [sic] denial of his Motion to Suppress and Motion to Bifurcate."  As noted above, however, Thomas's notice made no mention of any reservation of appeal rights, and under Rule 11, only an express, written reservation will suffice to preserve an issue for appeal.  See Fed. R. Crim. P. 11(a)(2).