[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12352

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SHALONDA FAISON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:22-cr-00105-RAH-JTA-2

_____

2                    Opinion of the Court                    23-12352

Before WILSON, LUCK, and ABUDU, Circuit Judges.

PER CURIAM:

Shalonda Faison appeals her convictions and 28-month total sentence following her guilty plea to charges of conspiracy to make a false statement during the purchase of a firearm, 18 U.S.C. §§ 371, 922(a)(6); engaging in the sale or transfer of a firearm to a prohibited person, 18 U.S.C. § 922(d)(1); and knowingly making a false statement during the purchase of a firearm, 18 U.S.C. § 922(a)(6). Faison and the government agree that the magistrate judge who accepted her plea misadvised her and that, as a consequence, her plea was not knowing and voluntary. They have jointly moved for us to vacate Faison's convictions and sentence and remand for further proceedings. After careful review, we agree with the parties and grant the joint motion.

Generally, we review the voluntariness of a defendant's guilty plea *de novo*. *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993). "In evaluating whether a defendant has shown that h[er] rights were substantially affected or prejudiced" by a plea colloquy error, we look to whether "the overall plea colloquy adequately addresse[d] . . . three core concerns" of Federal Rule of Criminal Procedure 11. *United States v. Monroe*, 353 F.3d 1346, 1354 (11th Cir. 2003). These concerns are: "(1) that the defendant enters h[er] plea free from coercion, (2) that [s]he understands the nature of the charges, and (3) that [s]he understands the consequences of h[er] plea." *United States v. Presendieu*, 880 F.3d 1228, 1238 (11th Cir. 2018); *see also* Fed. R. Crim. P. 11(b).

"A defendant's [unconditional] plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in that defendant's court proceedings." *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997) (alteration in original) (quoting *United States v. Yunis*, 723 F.2d 795, 796 (11th Cir. 1984)).  A district court's refusal to suppress evidence is a non-jurisdictional defect waived by an unconditional guilty plea.  *United States v. McCoy*, 477 F.2d 550, 551 (5th Cir. 1973).[1]  If a defendant "wishes to preserve appellate review of a non-jurisdictional defect while at the same time pleading guilty," they "can do so only by entering a 'conditional [guilty] plea' in accordance with Fed. R. Crim. P. 11(a)(2)."  *Pierre*, 120 F.3d at 1155. A "conditional plea must be in writing and must be consented to by the court and the government."  *Id.*; *see also* Fed. R. Crim. P. 11(a)(2).  A conditional guilty plea also requires "express" approval by the government.  *Pierre*, 120 F.3d at 1156.  However, when a defendant enters an unconditional guilty plea based on the "reasonable (but mistaken) belief" that they have preserved an issue for appellate review, their plea is, "as a matter of law, not knowing and voluntary."  *Id.*

The concession of the government as a party "is not dispositive," *see United States v. Lee*, 586 F.3d 859, 866 (11th Cir. 2009), but here we agree with the parties that remand is warranted.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

At the change-of-plea hearing, Faison indicated her belief that her plea was "contingent" on her "retaining the right to appeal the motion to suppress and [her] sentence."  The magistrate judge noted that there was no written plea agreement and confirmed this with both Faison's counsel and the government.  However, the magistrate judge mistakenly stated that a conditional guilty plea was not required "because there [wa]s no plea agreement."  The magistrate judge asked Faison if she understood that she did not "have to reserve anything" and would "continue to have" all of her rights to appeal "because she did not give anything up by agreeing to any document or contract or promise with the Government," to which Faison replied, "[y]es."  The government did not object to that statement.  The government did not, however, provide express consent for Faison to enter a conditional guilty plea in writing, as was necessary for her to preserve her right to appeal the denial of her motion to suppress. *McCoy*, 477 F.2d at 551; *Pierre*, 120 F.3d at 1155.  Faison's guilty plea was thus premised on a reasonable but mistaken belief that she had preserved her appellate rights, and her plea was not knowing and voluntary as a matter of law. *Pierre*, 120 F.3d at 1156.  The error also affected Faison's substantial rights because the Rule 11 colloquy did not adequately

23-12352                Opinion of the Court                5

ensure Faison's "understand[ing of] the consequences of h[er] plea"; a core concern of Rule 11. *Presendieu*, 880 F.3d at 1238.[2]

For these reasons, we **GRANT** the parties' joint motion for remand, vacate Faison's convictions, and remand her case to the district court, at which point she should be offered "the opportunity to plead anew." *Pierre*, 120 F.3d at 1156. We express no opinion on the other issues presented in the briefs.

**VACATED AND REMANDED.**

---

[2] Faison did not move to withdraw her plea below. We note that, even if that fact justified plain-error review, the outcome would be the same. *See United States v. Utsick*, 45 F.4th 1325, 1332 (11th Cir. 2022) (listing the elements of plain-error review). Specifically, the error was plain, as our precedent directly resolves it. *See United States v. Innocent*, 977 F.3d 1077, 1085 (11th Cir. 2020) (explaining that an error can be plain if our precedent directly resolves it); *Pierre*, 120 F.3d at 1156-57 (vacating conviction on ground that defendant did not knowingly and voluntarily relinquish appellate rights when entering guilty plea). The error also affected Faison's substantial rights, as we have explained above. Finally, in light of the error's effect on the fairness of the proceedings—and considering the parties' agreement on the error's importance—we would exercise our discretion to correct it. *Utsick*, 45 F.4th at 1332.