[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12073

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RECHARD L. BARTLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cr-20444-DMM-1

_____

Before WILLIAM PRYOR, Chief Judge, and BRANCH and ANDERSON, Circuit Judges.

PER CURIAM:

Rechard Bartley appeals his convictions for possession with intent to distribute a controlled substance and possession of a firearm and ammunition by a convicted felon. 18 U.S.C § 922(g)(1); 21 U.S.C. § 841(a)(1). He challenges the denial of his motion to suppress and argues that his guilty plea should not bar review. The government responds by moving for summary affirmance. We grant that motion and affirm.

Summary disposition is appropriate when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). We review *de novo* whether a voluntary, unconditional guilty plea waives the ability to appeal adverse rulings of pre-trial motions. *United States v. Patti*, 337 F.3d 1317, 1320 n.4 (11th Cir. 2003). When a defendant fails to raise a violation of Federal Rule of Civil Procedure 11 in the district court, we review the alleged violation for plain error. *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003). When the language of a statute or rule does not resolve an issue, "there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Curtin*, 78

F.4th 1299, 1310 (11th Cir. 2023) (citation and internal quotation marks omitted).

"A defendant's unconditional plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in that defendant's court proceedings." *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997) (citation and internal quotation marks omitted, alteration adopted). The denial of a motion to suppress is a non-jurisdictional issue waived by an unconditional guilty plea. *United States v. McCoy*, 477 F.2d 550, 551 (5th Cir. 1973). But an unconditional guilty plea does not bar relief on appeal if the plea was not made knowingly and voluntarily under Rule 11. *See Pierre*, 120 F.3d at 1156. To comply with Rule 11, the district court must ensure that a defendant enters his guilty plea free from coercion and understands the nature of the charges and the consequences of his plea. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005).

The government is clearly right as a matter of law that Bartley entered a knowing and voluntary unconditional guilty plea that waived his right to challenge the denial of his motion to suppress. *See Pierre*, 120 F.3d at 1155; *McCoy*, 477 F.2d at 551. Bartley concedes that his plea was unconditional, but he argues that the district court failed to ensure he understood he did not have a right to appeal his motion to suppress. Because Bartley did not raise a Rule 11 violation in the district court, we review his argument for plain error. *See Monroe*, 353 F.3d at 1349. The record reflects that the district court ensured that Bartley entered his guilty plea free from

coercion and understood the nature of the charges and consequences of the guilty plea. *See Moriarty*, 429 F.3d at 1019. The district court informed him of his right to appeal his sentence at sentencing. But neither Rule 11 nor precedent establish that a district court must inform a defendant entering an unconditional plea that he is waiving the right to appeal any non-jurisdictional issue. *See Curtin*, 78 F.4th at 1310. And contrary to Bartley's argument, the absence of an appeal waiver in his plea agreement does not mean that he reserved the right to appeal the denial of his motion to suppress.

Bartley's reliance on *Pierre* is misplaced. In *Pierre*, the district court told the defendant during his plea colloquy that he had preserved his speedy trial issues for appeal. 120 F.3d at 1155–57. Bartley, in contrast, made no attempt to preserve his Fourth Amendment challenge. Nor did the district court tell him that he had a right to appeal the denial of his motion to suppress.

Because the government's position is clearly correct as a matter of law, we **GRANT** its motion for summary affirmance. *Groendyke Transp., Inc.*, 406 F.2d at 1162. We **DENY AS MOOT** the government's motion to stay briefing.

**AFFIRMED.**