**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 24-11906

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

LUIS DANIEL FUENTES,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:23-cr-00049-SPC-NPM-1

————————————————

Before JORDAN, ABUDU, and KIDD, Circuit Judges.

PER CURIAM:

Luis Daniel Fuentes appeals his 1,320-month sentence for production and possession of child pornography offenses, 18 U.S.C. §§ 2251(a) &(e), 2252(a)(4)(B), & (b)(2).  On appeal, Fuentes argues

that his sentence is substantively unreasonable and the district court placed too much weight on one 18 U.S.C. § 3553(a) factor over the others. After careful review, we affirm.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

In 2023, a federal grand jury indicted Fuentes on three counts of production of child pornography, 18 U.S.C. § 2251(a) & (e) ("Counts One, Two, and Three"), and one count of possession of child pornography, 18 U.S.C. § 2252(a)(4)(B) & (b)(2) ("Count Four"). Fuentes pled guilty to all four counts without a plea agreement, and the district court accepted his plea and set the case for sentencing.[1]

In advance of sentencing, a probation officer prepared a presentence investigation report ("PSI"), which described Fuentes' offense conduct as follows. In June 2021, state officials began investigating a complaint that Fuentes had sexually abused a child. Law enforcement recovered several phones and a safe owned by Fuentes, all of which contained child sex abuse material, including videos depicting Fuentes sexually abusing three minor victims. These three minor victims were determined, by law enforcement, to be two, five, and six years old at the time of their abuse. In

---

[1] Before his plea, Fuentes moved to suppress certain evidence obtained against him. On appeal, he does not challenge the district court's ruling on that issue and, in any event, has waived any possible error on this issue by unconditionally pleading guilty. *United States v. McCoy*, 477 F.2d 550, 551 (5th Cir. 1973); *see Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981)

addition to these videos, law enforcement discovered 17 videos and over 5,000 images of child sex abuse material.  The PSI noted that Fuentes faced criminal charges in state court based on similar conduct and intended to enter a plea of guilty for a sentence of forty years' imprisonment.

The PSI calculated an advisory guidelines range for Fuentes' multiple offenses.[2]  After a series of calculations not relevant here, the PSI assigned Fuentes a total offense level of 43 and a criminal history category of I.  This led to a guidelines range of life imprisonment.  *See* U.S.S.G. Ch. 5 Pt. A.  Yet, because the maximum authorized sentence for the four counts, put together, was 1,320 months, the PSI concluded that 1,320 months was Fuentes' guidelines range.  *See* U.S.S.G. § 5G1.2(b); *see also id.*, comment. (3)(B) ("[W]here a statutorily authorized maximum sentence on a particular count is less than the minimum of the applicable guideline range, the sentence imposed on that count shall not be greater than the statutorily authorized maximum sentence on that count.").

Fuentes moved for a downward variance, highlighting mitigating factors, such as his background.[3]  He noted that he grew up in a rural area of Puerto Rico and stole eggs and other food items to survive.  His father was an alcoholic.  When he was five years

---

[2] Fuentes did not challenge the PSI's calculation of his guidelines range before the district court and does not make any such challenge on appeal.

[3] The PSI had included some personal and background history about Fuentes, which overlapped significantly with the information Fuentes' presented in his motion for a downward variance.

old, he was sexually abused by a fourteen-year-old neighbor. That abuse continued for around two years. As a young child, he was introduced to cocaine, and he became addicted around the age of 10. He moved to Florida when he was 16, but his negative behavior, including selling drugs, did not change. Fuentes argued these facts, showing his "miserable childhood" and "lifelong" addiction to drugs mitigated his wrongdoing. He also noted that he was nearly 48 years old and that he anticipated a forty-year sentence in state court. If the district court imposed a concurrent forty-year federal sentence, Fuentes argued, he would be scheduled to get out of prison "at or about the age of 82." He contended he would not be a danger to anyone at that age and highlighted that he took responsibility for his actions and pled guilty. A forty-year sentence, he asserted, would give him "a small chance of someday living outside a prison."

At sentencing, Fuentes raised no objections to the PSI and the district court adopted the PSI, including the PSI's description of Fuentes' offense conduct and the guidelines range the probation office calculated. The government read excerpts of several witness impact statements prepared by victims of Count Four, *i.e.*, statements from minors who were depicted in the images Fuentes possessed and their families which described the effects of their victimization, and revictimization through discrete acts of possession, on their lives. Fuentes, through counsel, reiterated his argument that a forty-year sentence was appropriate, highlighting his own childhood sexual abuse, addiction to drugs, age, and acceptance of responsibility for his misconduct. He also requested the district court

order he receive mental health and drug and alcohol treatment. Fuentes then gave an allocution, explaining that he was "ashamed" and took "full responsibility" for his behavior.

The government argued that, while Fuentes "was once a victim," he stood "before the court as [a] predator, [an] individual that preyed upon children in their homes and repeatedly videotaped and had in his collection." It noted that Fuentes' offense conduct took place over a lengthy period and that the offenses would have significant negative effects on the victims going forward. It thus contended that "a reasonable sentence" would be between 45 and 50 years. The government also requested a life term of supervised release to follow.

After hearing the parties' arguments, the district court pronounced the sentence. It explained that it had listened to the arguments, reviewed the presentence report, the guidelines range, and Fuentes' sentencing memorandum. Further, it explained that it had reviewed the factors in 18 U.S.C. § 3553(a). It also acknowledged that Fuentes was abused as a child and suffered from "a serious drug problem." Yet, looking at the seriousness of the offense, the court recounted Fuentes' conduct and stated that it could not "fathom a more heinous situation . . . [a]nd the sentence does need to reflect the seriousness of that." Accordingly, it rendered a total sentence of 1,320 months imprisonment—110 years—consisting of 360 months on Count One, 360 months on Count Two, 360 months on Count Three, and 240 months on Count Four, to all run consecutively. It ordered that the sentence run concurrent to any

sentence Fuentes faced in state custody.  The district court also sentenced Fuentes to a life term of supervised release for each count and imposed various supervised release conditions.

The court reiterated that this sentence, in its view, was "sufficient but not greater than necessary to comply with the statutory purposes of sentencing."  It reached the sentence "to reflect the seriousness of the offense, to protect the public from further crimes of the defendant, [and] to provide just punishment for his conduct in this case."  The court asked the parties whether they had any objections, and Fuentes argued that his sentence was "unreasonably long" and "greater than necessary under the circumstances."  The district court noted the objection and concluded the hearing.  The court later entered judgment consistent with its ruling, and Fuentes appealed.

## II. STANDARD OF REVIEW

"We review the substantive reasonableness of a sentence for an abuse of discretion."  *United States v. Butler*, 39 F.4th 1349, 1354–55 (11th Cir. 2022).  "In reviewing the reasonableness of a sentence, we will not substitute our own judgment for that of the sentencing court and we will affirm a sentence so long as the court's decision was 'in the ballpark of permissible outcomes.'"  *Id.* at 1355 (quoting *United States v. Rosales-Bruno*, 789 F.3d 1249, 1257 (11th Cir. 2015) (opinion of E. Carnes, J.)).  A party challenging a sentence as unreasonable bears "the burden of establishing the sentence is unreasonable in light of the record and the [18 U.S.C.] § 3553(a) factors."  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

"[W]e have identified three ways in which a district court can abuse its discretion" and "impos[e] a substantively unreasonable sentence: (1) failing to properly consider a relevant sentencing factor that was due significant weight, (2) giving significant weight to a factor that was not relevant, or (3) committing a clear error of judgment by weighing the sentencing factors unreasonably." *Butler*, 39 F.4th at 1356; *see also United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).

## III. DISCUSSION

On appeal, Fuentes argues that his sentence is too severe, violating Section § 3553(a)'s requirement that a sentence be "sufficient, but not greater than necessary." He admits that "it is undeniable" that his offenses "were very serious," but contends that the district court gave that factor too much weight and failed to give weight to other relevant factors. He points to the court's brief mention of the other § 3553(a) factors, including his acceptance of responsibility, his lack of criminal history, his age, his history of being sexually abused, and his substance abuse issues. He argues that the sentence he received should be reserved for unrepentant offenders and that a sentence of 480 months would have been more than sufficient to reflect the seriousness of his offenses, protect the public, provide deterrence, and account for the mitigating factors he highlighted. The government disagrees, arguing Fuentes' sentence is reasonable, noting that his sentence is a guidelines range sentence, and explaining that Fuentes' offense conduct was properly deemed "heinous" by the district court.

Under § 3553(a), a sentencing court must impose a sentence that is "sufficient, but not greater than necessary . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense, . . . to afford adequate deterrence," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2). The court also must consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* §§ 3553(a)(1), (6).

While advisory, the Sentencing Guidelines are the starting point that a sentencing court must consider. *Gall v. United States*, 552 U.S. 38, 49 (2007). Given that role, "we ordinarily expect sentences within the advisory guidelines range to be reasonable." *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009); *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

Though the district court must consider all relevant § 3553(a) factors, "the weight given to each factor is committed to the sound discretion of the district court," and it may attach great weight to one factor over the others. *Butler*, 39 F.4th at 1355. A court's "failure to discuss . . . 'mitigating' evidence" does not indicate that the court "erroneously 'ignored' or failed to consider th[e] evidence in determining [the defendant's] sentence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007); *see also United States v. Al Jaberi*, 97 F.4th 1310, 1330 (11th Cir. 2024). "Rather, a

district court's acknowledgment that it has considered the §3553(a) factors and the parties' arguments is sufficient." *Butler*, 39 F.4th at 1355 (citing *Sarras*, 575 F.3d at 1219).

"Predatory crimes against children 'are among the most egregious and despicable of societal and criminal offenses.'" *United States v. Lusk*, 119 F.4th 815, 832 (11th Cir. 2024) (quoting *Sarras*, 575 F.3d at 1220). For that reason, "we have upheld as reasonable" many very "lengthy sentences in cases involving child sex crimes based on the nature of the offense." *United States v. Boone*, 97 F.4th 1331, 1342 (11th Cir. 2024) (affirming 840-month sentence). "Indeed . . . we have 'upheld time and again sentences that will outlast a child pornographer's life.'" *Id.* (quoting *United States v. Isaac*, 987 F.3d 980, 996 (11th Cir. 2021) (affirming 80-year sentence)); *see also United States v. Kirby*, 938 F.3d 1254, 1258–59 (11th Cir. 2019) (affirming 120-year sentence); *Sarras*, 575 F.3d at 1208, 1219–21 (affirming 100-year sentence); *Butler*, 39 F.4th at 1357 (affirming life sentence).

In light of this record, Fuentes has not borne his burden to show that his sentence is substantively unreasonable. It is true that the district court did not mention Fuentes' lack of criminal history, nor his age in its explanation of the sentence, but our precedent does not require a court to do so explicitly. *See Amedeo*, 487 F.3d at 833; *Al Jaberi*, 97 F.4th at 1330. Moreover, the court did state that it had reviewed the PSI and the § 3553(a) factors, which is sufficient to demonstrate that it considered the mitigating factors Fuentes

now highlights on appeal. *Butler*, 39 F.4th at 1355; *Sarras*, 575 F.3d at 1219.

Fuentes correctly notes that the district court gave significant weight to his offense conduct and the seriousness of his offenses. He also concedes, as he must, that this factor was neither improper nor irrelevant—his offense conduct is undeniably a relevant factor in determining that his sentence "reflect the serious of the offense . . . and provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Instead, Fuentes' argument supposes that the district court weighed this factor too heavily. Yet, "a district court may attach great weight to one § 3553(a) factor over others," as the district court in this case did. *Butler*, 39 F.4th at 1355 (citing *United States v. Overstreet*, 713 F.3d 627, 638 (11th Cir. 2013)).

Finally, our review of the record does not convince us the district court committed a clear error of judgment when weighing relevant factors. *Butler*, 39 F.4th at 1356. While Fuentes' sentence is lengthy—it was the statutory maximum for these four offenses—our precedent has endorsed sentences of similar lengths for similar criminal conduct. *Lusk*, 119 F.4th at 832; *Boone*, 97 F.4th at 1342; *Isaac*, 987 F.3d at 996; *Kirby*, 938 F.3d at 1258–59; *Sarras*, 575 F.3d at 1208, 1219–21; *Butler*, 39 F.4th at 1357. Given this precedent, we cannot say the district court abused its discretion when it found Fuentes' offense conduct to be heinous and warranting a statutory maximum sentence. Finally, Fuentes' sentence was within the guidelines range, and we ordinarily expect such a sentence to be reasonable. *Sarras*, 575 F.3d at 1220.

## IV. CONCLUSION

Our review of the substantive reasonableness of a sentence is deferential, and we ask only whether the sentence Fuentes received was "in the ballpark of permissible outcomes." *Butler*, 39 F.4th at 1355. For the reasons we have explained, Fuentes has not shown that the district court exceeded the bounds of its discretion and imposed a substantively unreasonable sentence. Accordingly, we affirm.

**AFFIRMED.**