**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12778

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

KEYON LEWIS,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:23-cr-14030-AMC-1

_____

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Keyon Lewis challenges the constitutionality of a search as well as the district court's denial of his motion to suppress the fruits of that search. Both the search and the denial of the motion to

2                       Opinion of the Court                    25-12778

suppress occurred prior to his unconditional guilty plea.   The government has requested summary affirmance.

A motion for summary affirmance is appropriate when the law is so clear that there is "no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]  Generally, "a voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings," including the "right to appeal the validity of a search." *United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003).  That is true here. Lewis alleges nonjurisdictional defects, so he cannot raise those issues on appeal after pleading guilty unconditionally.  *See United States v. McCoy*, 477 F.2d 550, 551 (5th Cir. 1973).

We **GRANT** the motion for summary affirmance and **AFFIRM**.

---

[1] This Court has adopted as binding precedent all decisions of the Fifth Circuit issued before October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).